CORAL GABLES, INC., v. ALBERT H. WILKINSON.

182 So. 289.
Division A.
Opinion Filed May 5, 1938.
Rehearing Denied July 1, 1938.

*George A. Pierce,* for Plaintiff in Error;
*John E. Teate,* for Defendant in Error.

TERRELL, J.—In April, 1925, Defendant in Error, Arthur H. Wilkinson, entered into contract with George E. Merrick of Miami, Florida, to purchase a lot in Coral Gables for

$15,000.00. The contract provided that Wilkinson pay Merrick $100.00 as a binder on the date it was executed, that he pay $3,650.00 within ten days and the balance of $11,250.00 in thirty-six monthly payments.

The contract and a note for $11,250.00 evidencing deferred payments was executed by Wilkinson April 9, 1925, and delivered to Merrick with the understanding that if the first payment of $3,650.00 was not made within ten days, the contract and note would be cancelled and the $100.00 binder would be returned to Wilkinson. The first payment was not made as the contract provided, so the binder was returned to Wilkinson by John G. Yancey, the agent of Merrick, and the contract was cancelled. The note was endorsed by Merrick and others to the plaintiff in error, who brought this action September 21, 1933, to coerce its payment. The declaration is in one count predicated on the note and alleges that it was endorsed before maturity for a valuable consideration. Pleas put in issue the facts therein stated, on which the cause was tried, resulting in a directed verdict for the defendant. Motion for new trial was denied, final judgment was entered, and the plaintiff took writ of error.

The plaintiff in error contends that the judgment below should be reversed because the agency of Yancey was not proven, that if the note was endorsed by Merrick after maturity, it should have been proven, and that even if plaintiff in error is shown to have been a purchaser after maturity, that it was nevertheless a *bona fide* holder, and can enforce payment of the note.

The evidence has been examined and it shows conclusively the conditional delivery of the note and contract as alleged. It shows further that Yancey was the duly authorized agent of Merrick and his affiliates, that he (Yancey) returned the hundred dollar binder payment to Wilkinson

when the first payment was not made, and that the contract for the purchase of the lot was cancelled. It is also shown that Merrick and his affiliates considered the contract with Wilkinson cancelled because the lot was repeatedly sold by them to others.

The plaintiff did not attempt to contradict these facts, but relied entirely on failure of Wilkinson to comply with technical requirements of the negotiable instruments Act. His theory might have been good if there had been a straight unconditional delivery of the note and contract, but when this was alleged in the manner stated and proven, the basis for his action vanished and there was nothing on which the negotiable instruments law could operate. The fact that plaintiff in error was an affiliate of Merrick and waited more than eight years to bring this action is sufficient to put it on inquiry as to the infirmities in the note.

The judgment of the trial court is affirmed.

Affirmed.

ELLIS, C. J., and BUFORD, J., concur.

WHITFIELD, P. J., and BROWN and CHAPMAN, J. J., concur in the opinion and judgment.